UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN GABRIEL ALVAREZ,<br><br>Defendant. | No. 2:12-cr-00188-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Juan Gabriel Alvarez's ("Defendant") Motion for Sentence Reduction (ECF No. 67) and Motion for Expedited Hearing and Immediate Relief (ECF No. 72). The Government has not filed an opposition to either motion. For the reasons set forth below, the Court DENIES Defendant's motions.

On August 9, 2013, Defendant pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF Nos. 42, 43.) On January 10, 2014, Judge Garland E. Burrell, Jr. sentenced Defendant to a 216-month term of imprisonment. (ECF No. 63.) On May 31, 2016, Defendant filed a *pro se* motion to reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c).[1] (ECF No. 67.) On August 26, 2021, Defendant filed a *pro se* motion for expedited hearing and immediate relief as to his still-pending

---

[1] On May 18, 2017, the Federal Defender's Office for the Eastern District of California indicated it would not be filing a supplement to Defendant's motion. (ECF No. 71.)

1

motion for a sentence reduction. (ECF No. 72.) On August 30, 2021, the action was reassigned to this Court. (ECF No. 73.)

In his first motion, Defendant requests the Court reduce his base offense level by two levels pursuant to Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.").[2] (ECF No. 67 at 1–2.) Defendant also emphasizes he has complied with all prison regulations and requirements and requests an additional downward departure under 18 U.S.C. § 3553(a) ("§ 3553(a)") based on his post-sentencing rehabilitation. (*Id.* at 2.)

In his second motion, Defendant requests the Court rule on his previous motion that is still pending despite being filed five years ago. (ECF No. 72 at 1.) Defendant specifically requests the Court reduce his sentence by three years. (*Id.*) He emphasizes he has worked prison jobs continuously, participated in educational programs, and has written a release plan so that he can successfully reintegrate into society. (*Id.*)

In the presentence report ("PSR"), the probation officer found a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1) because Defendant conspired to distribute over 4.1 kilograms of methamphetamine (actual) and purchased 15 kilograms of pseudoephedrine. (ECF No. 51 at 12.) The PSR indicated the pseudoephedrine alone established a base offense level of 38, the highest level available. (*Id.*) Amendment 782 does not change this conclusion.[3] It also bears mentioning that Defendant's guideline range at sentencing — based on a total offense level of 41 and criminal history category II —was 360 months to life. (ECF No. 70 at 4.) Even if the Court granted Defendant's requested two-level reduction to the base offense level, his 216-month sentence of imprisonment is far below the resulting guideline range of 292 to 365 months. As such, the Court concludes Defendant is not entitled to a further reduction under Amendment 782.

---

[2] Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, revising the Drug Quantity Table in U.S.S.G. § 2D1.1.

[3] Pursuant to note 8(D) to U.S.S.G. § 2D1.1, one gram of pseudoephedrine equals 10 kg of converted drug weight. Under U.S.S.G. § 2D1.1(c)(1), a base offense level of 38 applies to crimes involving 90,000 kg or more of converted drug weight. Defendant is responsible for a total converted drug weight of 150,000 kilograms based on the pseudoephedrine alone, which is sufficient to establish a base offense level of 38.

1   Moreover, although the Court commends Defendant on the positive steps he has taken while in

2   prison, Defendant fails to persuade the Court that his conduct warrants a further sentence

3   reduction under § 3553(a).

4         Accordingly, the Court DENIES Defendant's motions.  (ECF Nos. 67, 72.)

5         IT IS SO ORDERED.

6   Dated:  October 5, 2021

8   Troy L. Nunley
9   United States District Judge

3